**Lijuan YANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72187.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2013.*

Filed June 14, 2013.

Kevin G. Long, Law Offices of Long and Associates, Monterey Park, CA, for Petitioner.

OIL, Joseph D. Hardy, Jr., Esquire, Trial, U.S. Department of Justice Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HAWKINS, McKEOWN, and BERZON, Circuit Judges.

## MEMORANDUM **

Lijuan Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Yang's motion to reopen as untimely where the motion was filed over five years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Yang failed to present sufficient evidence of changed circumstances in China to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii). Yang's contention that the BIA abused its discretion when it failed to consider several documents she submitted to establish changed country conditions in China fails, because Yang did not overcome the presumption the agency reviewed the evidence. *See Larita–Martinez v. INS,* 220 F.3d 1092, 1095–96 (9th Cir.2000). Further, the BIA did not abuse its discretion by determining that Yang failed to establish that China's treatment of members of the Shouter faith has materially changed since the time of her prior hearing. *See Najmabadi,* 597 F.3d at 990–91.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.